```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ALEX MORALES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　Plaintiff,<br><br>　　-v-<br><br>APPLE, INC.,<br><br>　　　　Defendant. | 22-cv-10872 (JSR)<br><br>OPINION AND ORDER |

JED S. RAKOFF, U.S.D.J.:

This is a putative consumer class action brought against defendant, Apple, Inc. ("Apple"), for allegedly misrepresenting the ability of the Apple Watch to measure blood oxygen levels for individuals with darker skin tones. On June 5, 2023, defendant moved to dismiss the First Amended Complaint ("FAC"). See Defs. Mot. to Dismiss, Dkt. No. 20. After full consideration of the parties' written submissions, the Court granted the motion to dismiss with prejudice by "bottom-line order" dated August 21, 2023. This Opinion sets forth the reasons for that ruling, and directs the entry of final judgment.

I. **Plaintiff's Allegations**

Plaintiff alleges, on behalf of a class, that defendant made false representations and omissions related to the ability of the Apple Watch to measure the blood oxygen levels of individuals with darker skin tones. See FAC, ¶¶ 28, 30-36, 38, 40, 43-45, 54, Dkt. No. 19. Plaintiff alleges defendant: (1) violated New York General Business

1

Law ("N.Y. GBL") §§ 349 and 350; (2) committed fraud; (3) breached an express warranty; and (4) has been unjustly enriched. FAC, ¶¶ 37-55. At the motion to dismiss stage, plaintiff abandoned his prior claims for breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and violation of the Magnuson Moss Warranty Act. See Pl. Mem. of Law in Opp. to Defs. Mot. to Dismiss at 1 n.1, Dkt. No. 22.

Plaintiff's initial complaint (the "Complaint") was filed on December 24, 2022. See Compl., Dkt. No. 1. Then, on May 10, 2023, defendant moved to dismiss the Complaint. See Defs. Mot. to Dismiss, Dkt. No. 12. Rather than respond to that motion, plaintiff filed the FAC on May 26, 2023. Soon thereafter, on June 5, 2023, defendant moved to dismiss the FAC in its entirety with prejudice.[1]

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[2] A complaint must offer more than

---

[1] In its initial motion to dismiss, defendant argued the court lacked personal jurisdiction. See Defs. Mem. of Law in Supp. of Mot. to Dismiss at 14-15, Dkt. No. 13. However, defendant did not raise this argument in its opening brief to dismiss the FAC, and then conceded on reply it "does not move to dismiss the FAC for lack of personal jurisdiction." See Defs. Reply Mem. of Law in Supp. of Mot. to Dismiss at 5 n.5, Dkt. No. 24. Accordingly, the Court will not address this argument.

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

a "formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). If the plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Id. at 570. The Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

### III. Discussion

#### a. N.Y. GBL Sections 349 and 350

Defendant moves to dismiss plaintiff's claim that defendant violated Sections 349 and 350 of the N.Y. GBL because the FAC does adequately plead an affirmative misrepresentation or omission and does not allege sufficient facts to establish the requisite connection between New York and the acts at issue in the FAC. The Court agrees the FAC does not adequately plead an affirmative misrepresentation or omission.[3]

N.Y. GBL Sections 349 and 350 ban deceptive trade practices. In particular, Section 349 makes it unlawful to engage in "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in furnishing of any service" in New York, N.Y. Gen. Bus. Law § 349, and Section 350 makes it unlawful to engage in "[f]alse

---

[3] The Court finds this is an adequate basis for dismissing the GBL claim without reaching defendant's argument that an insufficient connection to New York has been alleged.

3

advertising in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. N.Y. Gen. Bus. Law § 350. "To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (quoting Koch v. Acker, Merrall & Condit Co., 944 N.Y.S.3d 452, 452 (2012)). "Both affirmative representations and omissions may qualify as deceptive or misleading acts or practices." In re Sling Media Slingbox Advert. Litig., 202 F. Supp. 3d 352, 359 (S.D.N.Y. 2016).

To adequately plead a N.Y. GBL claim premised on an affirmative misrepresentation, "a plaintiff must . . . identify the specific acts or practices alleged to be misleading." Glover v. Bob's Discount Furniture, LLC, 621 F. Supp. 3d 442, 453 (S.D.N.Y. 2022). If "the allegations" in the complaint "are insufficiently specific to establish a deceptive practice," then "[c]ourts routinely dismiss [the] claim[]." Woods v. Maytag Co., 10-cv-0559, 2010 WL 4314313, at *16 (E.D.N.Y. Nov. 2, 2010). See, e.g., Vivar v. Apple, Inc., 22-cv-0347, 2022 WL 4227309, at *6 (S.D.N.Y. Sept. 12, 2022) (finding the "claims lack[ed] . . . facial plausibility . . . because [the plaintiff] has not provided the writing or marketing materials containing the[] alleged misrepresentations"); In re Sling Media Slingbox Advert. Litig., 202 F. Supp. 3d at 359 n.10 (reasoning that

4

because the complaint "fail[ed] to describe" the advertisements and misrepresentations, it did "not plausibly plead any misleading statements sufficient to survive a motion to dismiss").

The Court finds the FAC does not meet this standard, as it does not allege any specific misstatements or misleading practices. This is particularly telling given that the FAC was filed only after defendant had moved to dismiss on similar grounds the original Complaint. The FAC is littered with conclusory allegations that defendant made misrepresentations, without describing or specifying exactly what those misrepresentations were or where those misrepresentations were made. See, e.g., FAC, ¶ 20 (referencing "representations" that are never described); id. ¶ 45 (referencing a description without specifying what the description said). The closest the FAC comes to alleging a misstatement is its allegation that, "[d]efendant's representations affirmed and promised that it did not incorporate biases and defects of pulse oximetry with respect to persons of darker skin tone." Id. ¶ 44. That is still insufficient because it does not specify what the exact representations were or where such representations were made. These conclusory allegations are, on the whole, so unspecific that they fail to give defendant notice of which statements, acts, or practices are the basis for plaintiff's claim.

Plaintiff's affirmative misrepresentation claim also suffers from another pleading defect. "[T]o plead a § 349 or § 350 claim successfully, [p]laintiffs must allege that they saw the misleading statements of which they complain before they purchased or came into

5

possession of" the relevant product. See Lugones v. Pete and Gerry's Organic, LLC, 440 F. Supp. 3d 226, 240 (S.D.N.Y. 2020). The FAC is silent as to when plaintiff saw any misrepresentation; let alone that plaintiff saw any misrepresentation prior to purchasing the Apple Watch. See FAC, ¶¶ 24-28, 38, 43-45, 48, 54. Accordingly, to the extent plaintiff's N.Y. GBL claim relies on affirmative misrepresentations, it must be dismissed.

Plaintiff is less than clear on whether his N.Y. GBL claim relies on omissions. In his opposition brief, plaintiff seemingly disavows that his claim relies on omissions made by defendant, but then contradicts that disavowal in the same sentence. See Pl. Opp. at 3 ("While Plaintiff does not 'rely on omissions rather than misrepresentations' to support his GBL claims, he does allege that the failure of stating the Product would not contain 'biases and defects of pulse oximetry with respect to persons of darker skin tone,' led him to believe the Product would be defect free."). However, even if plaintiff did rely on omissions as the basis for his N.Y. GBL claim, it would still be inadequately pled. To "state a claim for omission under the GBL[,] . . . the business alone [must] possess[] material information that is relevant to the consumer and [then] fail[] to provide th[at] information." Dixon v. Ford Motor Co., 14-cv-6135, 2015 WL 6437612, at *8 (E.D.N.Y. Sept. 30, 2015). Accord Fishon v. Peloton Interactive, Inc., 620 F. Supp. 3d 80, 104 (S.D.N.Y. 2022). Here, the FAC does not allege that defendant itself possessed material information; rather, the FAC alleges that it supposedly has been known

6

for decades that pulse oximetry can be inaccurate for individuals with darker skin tones. See FAC, ¶¶ 6-9. The FAC thus does not adequately plead a GBL claim premised on omissions.

Accordingly, the N.Y. GBL claim, under Section 349 and 350, is dismissed and, because it is part of an amended complaint filed after the issue was raised, the dismissal is with prejudice.

### b. Fraud

"Under New York law, the five elements of fraud are (1) a material misrepresentation or omission of fact (2) made by [the] defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 13 F.4th 247, 259 (2d Cir. 2021). Additionally, fraud claims are subject to the heightened pleading requirement of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a "complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006). Defendant moves to dismiss plaintiff's fraud claim because it is not pled with the specificity required under Rule 9(b) and fails to plead adequate facts to support an inference of fraudulent intent. The Court agrees.

The sole allegation pled to support plaintiff's fraud claim is: "Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it did not incorporate bias and defects of pulse oximetry with respect to persons of darker skin tone." FAC, ¶ 54. However, fraud claims must be pled with particularity, and here, the sole allegation of fraud plainly is not pled with any particularity. The FAC completely fails to specify or explain why any misstatement or practice is fraudulent (similar to the N.Y. GBL claim) and also fails to identify when and where any fraudulent statement was supposedly made. The FAC accordingly does not meet the heightened pleading requirements of Rule 9(b). See Lerner, 459 F.3d at 290.

Furthermore, there are insufficient factual allegations to support an inference of fraudulent intent. Although "Rule 9(b) permits scienter to be averred generally," the plaintiff is still required "to plead [a] factual basis which gives rise to a strong inference of fraudulent intent." United States ex rel. Tessler v. City of New York, 712 F. App'x 27, 29 (2d Cir. 2017). The threadbare allegations in the FAC provide no facts whatsoever from which the Court can infer fraudulent intent, nor for that matter does the FAC ever state defendant had fraudulent intent. It is thus even thinner than allegations other Courts have found insufficient. See, e.g., Warren v. Stop & Shop Supermkt., LLC, 592 F. Supp. 3d 268, 287 (S.D.N.Y. 2022) (finding the allegation "Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and representing the less predominant ingredients as most

predominant" inadequately pled fraudulent intent); Wargo v. Hillshire Brands Co., 599 F. Supp. 3d 164, 178 (S.D.N.Y. 2022) (finding the allegation "Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers" inadequately pled fraudulent intent). In sum, the FAC does not adequately plead a fraud claim, and it is therefore dismissed with prejudice.

### c. Breach of Express Warranty

"To state a claim for breach of express warranty, a plaintiff must allege (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." Brodie v. Green Spot Foods, LLC, 503 F. Supp. 3d 1, 9 (S.D.N.Y. 2020). In addition, the "'buyer must provide the seller with timely notice of the alleged breach.'" Valcarcel v. Ahold U.S.A., Inc., 577 F. Supp. 3d 268, 282 (S.D.N.Y. 2021) (quoting Quinn v. Walgreen Co., 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013)). See also MacNaughton v. Young Living Essential Oils, LC, 67 F.4th 89, 100 (2d Cir. 2023).

As it pertains to pre-suit notice, the FAC alleges that "[p]laintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties." FAC, ¶ 49. The FAC further alleges that "[d]efendant received notice and should have been aware of these issues due to

9

complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums." Id. ¶ 50. These allegations are insufficient to plead that pre-suit notice was given.

The first allegation equivocates on whether notice was provided or is being provided. Similar equivocal statements have been found to insufficiently allege that pre-suit notice was given. See, e.g., Valcarcel, 577 F. Supp. 3d at 282 (concluding that the allegation the plaintiff "provided or will provide notice to defendant, its agents, representatives, retailers, and their employees" is an "equivocal allegation of notice" that does not sufficiently "show that the buyer provided timely notice of the alleged breach"); Cosgrove v. Or. Chai, Inc., 520 F. Supp. 3d 562, 586 & n.11 (S.D.N.Y. 2021) (finding that "[p]laintiffs neglected to give any notice, much less timely notice," based on an allegation in the complaint that "Plaintiffs provided or will provide notice to defendant, its agents, representatives, retailers and their employees."); Clemmons v. Upfield US Inc., No. 22-cv-355, 2023 WL 2752454, at *8 (S.D.N.Y. Mar. 31, 2023) (reasoning that "[a]t minimum, the allegations of fact must include the date and method by which Plaintiff afforded such notice to Defendant," and finding an allegation that "Plaintiff provided or will provide notice to Defendant" insufficient).

The second allegation is also insufficient because it is conclusory and plaintiff, not third parties, must be the one to provide notice to defendant. See, e.g., Bynum v. Fam. Dollar Stores, Inc., 592 F.

10

Supp. 3d 304, 314-15 (S.D.N.Y. 2022) (finding a nearly identical allegation insufficient); Colpitts v. Blue Diamond Growers, 527 F. Supp. 3d 562, 590 (S.D.N.Y. 2021) (finding a nearly identical allegation to be "too conclusory"); Singleton v. Fifth Generation, Inc., 5:15-cv-474, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) (rejecting the argument that notice can be given to the defendant based on "similar suits pending against [the] [d]efendant" because "[p]lantiff was required to inform [the] [d]efendant, within a reasonable time, of the alleged breach involving his own purchase").

Plaintiff argues there is no notice requirement for retail sales (such as the one at issue here), and regardless, the filing of the FAC itself constituted adequate notice. However, this Court has already rejected both those arguments in Valcarcel, and plaintiff has provided no reason for the Court to reconsider that prior decision. As this Court previously explained, to the extent that any exception exists to the notice requirement for retail sales, it "exclusively applie[s] where a party alleges physical, in addition to economic, injury." Valcarcel, 577 F. Supp. 3d at 282. Here, because no physical injury is alleged, any exception (to the extent one exists), would not apply.

Second, this Court also already explained that the filing of a complaint itself does not provide sufficient pre-suit notice. Id.

Therefore, the Court concludes the FAC fails to adequately plead pre-suit notice was given, and the express warranty claim is dismissed with prejudice.

### d. Unjust Enrichment

The three elements of an unjust enrichment claim that "a litigant must show [are] 'that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered.'" Rynasko v. New York Univ., 63 F.4th 186, 201 (2d Cir. 2023) (quoting Columbia Mem'l Hosp. v. Hinds, 38 N.Y.3d 253, 275 (2022)). However, "unjust enrichment is 'available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." Barreto v. Westbrae Nat., Inc., 518 F. Supp. 3d 795, 808 (S.D.N.Y. 2021) (quoting Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790 (2012)). Accordingly, an unjust enrichment claim must be dismissed if it is duplicative of a plaintiff's other claims. See, e.g., Valcarcel, 577 F. Supp. 3d at 283; Warren v. Coca-Cola Co., No. 22-cv-6907, 2023 WL 3055196, at *10 (S.D.N.Y. Apr. 21, 2023); Alce v. Wise Foods, Inc., No. 17-cv-2402, 2018 WL 1737750, at *12 (S.D.N.Y. Mar. 27, 2018).

Here, Plaintiff effectively concedes the unjust enrichment claim is duplicative of his other claims. See Pl. Opp. at 8. The Court agrees

12

with that concession; the unjust enrichment claim is based on the same theory as his warranty and GBL claims -- that "the Product was not as represented and expected." FAC, ¶ 55. Even though plaintiff's warranty and GBL claims are being dismissed, the unjust enrichment claim must still be dismissed as duplicative. See Barreto, 518 F. Supp. 3d at 808-09 (reasoning that the unjust enrichment claim "merely restate[d] [plaintiff's] core theory of deception, and if plaintiff's other claims are defective, an unjust enrichment claim cannot remedy the defects"); Corsello, 18 N.Y.3d at 791 (similar). The unjust enrichment claim is thus dismissed with prejudice.

### e. Leave to Amend

The final issue is whether plaintiff should be granted leave to amend his complaint again. "Although Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given when just so requires, it is within the sound discretion of the district court whether to grant or deny leave to amend." Schvimmer v. Off. of Ct. Admin., 857 F. App'x 668, 671 (2d Cir. 2021) (cleaned up). If the Court determines amendment would be futile, leave to amend is properly denied. See in re Tribune Co. Fraudulent Conv. Litig., 10 F.4th 147, 175 (2d Cir. 2021).

The Court finds leave to amend would be futile. Defendant's initial motion to dismiss put plaintiff on notice of the defects with his original complaint, and yet the FAC failed to fix any of those deficiencies. The only amendments plaintiff made in the FAC -- adding a picture of the Apple Watch, adding citations to studies, and removing

13

all allegations related to out-of-state plaintiffs that the initial Complaint sought to include in the class -- did not address any of the deficiencies that defendant raised in its initial motion to dismiss brief. Accordingly, leave to amend is properly denied. See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n, 898 F.3d 243, 257 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first."); United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28-29 (2d Cir. 2016) (affirming district court's denial of leave to amend when the plaintiff's amended complaint did not fix the deficiencies that the plaintiff was "fully aware" of).

## IV. Conclusion

For the foregoing reasons, the Court reconfirms its ruling that the FAC is dismissed with prejudice. Clerk to enter final judgment, dismissing the case.

Dated: New York, NY
August 29, 2023

JED S. RAKOFF, U.S.